1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSIEL RODRIGUEZ, | ) | 1:08cv00184 LJO GSA |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | SECOND INFORMATIONAL ORDER, |
| | ) | MOTION TO DISMISS NOTICE, AND |
| v. | ) | SUMMARY JUDGMENT NOTICE |
| | ) | |
| JANICE G. MCLEOD, ROBERT E. | ) | |
| MCFADDEN, and HARLAN W. PENN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

16

17

18

19

20

21

22

23

24

25

26

27

28

Parties to this litigation shall take note of the following requirements:

1. Defendants must reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

2. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).

3. At some point in the litigation, defendants may file a motion to dismiss this action on any number of grounds. Plaintiff is advised that he has the right to oppose the motion in writing. Written oppositions must be filed not more than 18 days, plus 3 days for mailing, after the date of service of the motion to dismiss. Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the

1

1    motion . . . ." This means that the court may deem plaintiff's failure to oppose defendant's

2    motion to dismiss as a waiver, and may recommend that the motion be granted on that basis.

3                4. At some point in the litigation, defendants may file a motion to dismiss for

4    failure to exhaust administrative remedies as to one or more claims in the complaint. The failure

5    to exhaust administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.

6    Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's &

7    Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curium)). "In deciding a motion

8    to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings

9    and decide disputed issues of fact." Wyatt, 837 F.3d at 1119-20 (quoting Ritza, 837 F.2d at 369).

10    If the district court concludes that the prisoner has not exhausted administrative remedies, the

11    case will be dismissed without prejudice. Wyatt, 837 F.3d at 1120. This means that the case will

12    end. If plaintiff exhausts administrative remedies at a later date, he may file the case as a new

13    action.

14                5. At some point in the litigation, one or more defendants may move for summary

15    judgment as to some or all of plaintiff's claims. Pursuant to Klingele v. Eikenberry, 849 F.2d

16    409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of

17    the following requirements for opposing a motion for summary judgment made by defendants

18    pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an

19    order for judgment on some or all of plaintiff's claims in favor of defendants without trial. See

20    Rule 56(b). Defendant(s)' motion will set forth the facts which defendants contend are not

21    reasonably subject to dispute and that entitle defendant to judgment as a matter of law. See Rule

22    56(c).

23                Plaintiff has the right to oppose a motion for summary judgment. To oppose the

24    motion, plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set

25    forth in defendant(s)' motion but argue that defendant(s) are not entitled to judgment as a matter

26    of law. Plaintiff may show defendant(s)' facts are disputed in one or more of the following ways:

27    (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

28    complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls

to the court's attention those parts of the complaint upon which plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[1] setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are[2]; (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. See Rule 56(e).

If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendant(s)' motion. See Rule 56(f).  If plaintiff does not serve and file a request to postpone consideration of defendant(s)' motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver of opposition to defendant(s)' motion.  Plaintiff's waiver of opposition to defendant(s)' motion may result in the entry of summary judgment against plaintiff.

6. A motion supported by affidavits or declarations that are unsigned will be stricken.

7. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

---

[1]An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. See Rule 56(e).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party.  Rule 56(e).

1   IT IS SO ORDERED.

2   **Dated:**   **April 1, 2008**                           /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4