1

2

3

4

5

6

7 **IN THE UNITED STATES DISTRICT COURT**

8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10 OSIEL RODRIGUEZ,                          CASE NO. CV F 08-0184 LJO GSA

11                    Plaintiff,            **INTERIM ORDER ON DEFENDANT'S**
                vs.                         **MOTION FOR SUMMARY JUDGMENT**
12

JANICE G. McLEOD, et. al,
13
                    Defendants.
14 _____/

15          Pursuant to a notice filed on November 10, 2008, defendant United States Bureau of Prisons

16 ("Bureau of Prisons") seeks an order granting summary judgment pursuant to Fed. Rule Civil Procedure

17 56. Plaintiff Osiel Rodriguez filed an opposition on December 1, 2008. The Bureau of Prisons filed a

18 reply on December 5, 2008. Pursuant to Local Rule 78-230(m), when one party is incarcerated and

19 proceeding in *propria persona*, the matter is submitted on the pleadings without oral argument.  Having

20 considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the

21 following order.

22                              **FACTUAL AND PROCEDURAL BACKGROUND**

23          This case arises under the Freedom of Information Act ("FOIA")(5 U.S.C. § 552).  Plaintiff

24 claims that the Bureau of Prisons is improperly withholding documents in response to a FOIA request

25 regarding an April 11, 2006 search of his cell.  At the time of the cell search, plaintiff was incarcerated

26 at the United States Penitentiary at Atwater.

27          On February 19, 2007, Plaintiff submitted a FOIA request to defendant regarding the search of

28 his cell on April 11, 2006.  In his FOIA request, plaintiff sought disclosure of the following records:  (1)

1

1  the identity of the staff who discovered the "escape paraphernalia-filled soap dish" that was referenced

2  in Incident Report #1530527, as well as (2) "the exact/aprox [sic] time of said search, and the reason for

3  it (i.e., if it was random or otherwise)."  (Doc. 19-4, Dec. Terri Nubla, Exh. A.)

4      In response to the FOIA request, the Bureau of Prisons produced a single responsive document,

5  a memorandum dated April 11, 2006 and written by Officer Tyson ("Tyson Memo") which indicated

6  that he and Officer Bringham searched plaintiff's cell at approximately 10:15 a.m.  Bureau of

7  Prisons/FOIA personnel assigned to plaintiff's request noted that "no additional responsive documents

8  were located, and in particular, no documents concerning a search of Plaintiff's cell which allegedly

9  occurred at 8:00 a.m., were located."  (Doc. 19-4, Dec. Terri Nubla, ¶4.)

10     Plaintiff contends that other documents must exist.  The dispute centers on the discrepancies in

11 the Tyson Memo and a separate Incident Report #1530527, which was prepared several months after the

12 cell search, on November 2, 2006.  (See Doc. 1, Complaint, Exh. D "Incident Report".)  According to

13 the Incident Report #1530527, the search of plaintiff's cell occurred at 8:00 a.m.  The Tyson Memo,

14 however, states that the search occurred at 10:15 a.m.  The  Incident Report #1530527 states that

15 paraphernalia related to plaintiff's planned escape was discovered in a "soap dish," while the Tyson

16 Memo states that paraphernalia related to escape was found in a foot locker and soap dish.  Plaintiff

17 argues that due to the discrepancies in the time of the cell search and the locations of the search, there

18 must have been more than one cell search for which more documents must exist.

19                                    **ANALYSIS AND DISCUSSION**

20 **A.     FOIA Standards**

21     The Freedom of Information Act ("FOIA") provides "a statutory right of public access to

22 documents and records held by federal government agencies."  *Gould, Inc. v. General Services Admin.*,

23 688 F.Supp. 689, 693 (D.D.C. 1988).  "FOIA vests jurisdiction in federal district courts to enjoin an

24 'agency from withholding agency records and to order the production of any agency records improperly

25 withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136,

26 139, 100 S.Ct. 960, 963 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). FOIA requires a records request to

27 "reasonably" describe requested records and to comply with "published rules stating the time, place, fees

28 (if any), and procedures to be followed."  *See* 5 U.S.C. § 552(a)(3)(A).

2

1    When an agency receives an FOIA request, the agency is under a duty to conduct a "reasonable"

2  search for responsive records using methods that can be reasonably expected to produce the information

3  requested to the extent they exist. 5 U.S.C. § 552(a)(3)c; *Zemansky v. United States EPA*, 767 F.2d 569,

4  571 (9th Cir.1985). While there is no requirement that an agency search every record system, *Truitt*, 897

5  F.2d 540, 542 (D.C. Cir.1990), or that a search be perfect, *Meeropol v. Meese*, 790 F.2d 942, 955-56

6  (D.C.Cir.1986), the search must be conducted in good faith using methods that are likely to produce the

7  information requested if it exists. *See Campbell v. United States Department of Justice*, 164 F.3d 20, 27

8  (D.C.Cir.1998).

9    FOIA does not require an agency to create records that do not exist. *DeBold v. Stimson*, 735 F.2d

10  1037, 1040 (7th Cir. 1984); *see Borom v. Crawford*, 651 F.2d 500 (7th Cir.1981).  "FOIA does not

11  require agencies to provide explanations or answers in response to questions disguised as FOIA requests

12  or to create documents or opinions in response to an individual's request for information." *Sands v.*

13  *U.S.*, 1995 WL 552308, *5 (citing *Hudgins v. Internal Revenue Service*, 620 F.Supp 19, 21 (D.D.C.

14  1985)).  "FOIA creates a right of access to records, not a right to personal services." *Sands*, 1995 WL

15  552308, *5.

16  **B.    Summary Judgment in FOIA Cases**

17    As a general rule, all FOIA determinations should be resolved on summary judgment. *See Nat'l*

18  *Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir.1988). "Unlike the typical summary

19  judgment analysis, in a FOIA case, we do not ask whether there is a genuine issue of material fact,

20  because the facts are rarely in dispute." *Minier v. CIA*, 88 F.3d 798, 800 (9th Cir. 1996); *see also*

21  *Fiduccia v. United States DOJ*, 185 F.3d 1035, 1040 (9th Cir.1999) ("Though this is review of a

22  summary judgment, our review in a FOIA summary judgment case is not simply de novo, nor do we ask

23  whether there is a genuine issue of fact in most cases. Instead, in a FOIA case, we first determine

24  whether the district judge had an adequate factual basis for decision, and if not, remand.")

25    "Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of

26  government affidavits." *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1082 (9th Cir.2004) (detailed

27  declarations for purposes of reviewing a claim of exemption).  The court may award summary judgment

28  solely on the basis of information provided by the agency in affidavits or declarations when the affidavits

3

1   or declarations describe "the documents and the justifications for nondisclosure with reasonably specific

2   detail, demonstrate that the information withheld logically falls within the claimed exemption, and are

3   not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military*

4   *Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981).

5        Defendant argues that it produced the only document it found from its search.  Defendant argues

6   that it (1) did a diligent and reasonable search for responsive documents, (2) produced all documentation

7   in its possession responsive to the FOIA request, and (3) does not have to create documents that do not

8   exist to respond to the FOIA request.

9   **C.        Reasonableness of the Search**

10       FOIA requires that the agency conduct a reasonable search for responsive documents using

11   methods which can reasonably be expected to produce the information requested. See 5 U.S.C. §

12   552(a)(3)c. Typically, the responding agency submits affidavits describing the scope of the search and

13   the methods employed. The agency bears the burden of showing that its search was calculated to uncover

14   all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994).

15   "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search

16   was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast*

17   *Guard*, 180 F.3d 321, 325 (D.C.Cir.1999).

18       The issue to be resolved is "not whether there might exist any other documents possibly

19   responsive to the request, but rather whether the <u>search</u> for those documents was <u>adequate</u>." *Zemansky*,

20   767 F.2d at 571 (emphasis in original).  The "adequacy of the search, in turn, is judged by a standard of

21   reasonableness and depends ... upon the facts of each case." *Id.*   An agency may demonstrate the

22   adequacy of its search with "reasonably detailed, nonconclusory affidavits submitted in good faith."

23   *Zemansky,* 767 F.2d at 571.  For purposes of summary judgment, affidavits describing the agency's

24   search procedures are sufficient "if they are reasonably detailed in their description of the files searched

25   and the search procedure, and if they are nonconclusory and not impugned by evidence of bad faith."

26   *Id.* at 573. Once an agency meets its initial burden in this regard, its position can be rebutted "only by

27   showing that the agency's search was not made in good faith." *Maynard v. CIA*, 986 F.2d 547, 560 (1st

28   Cir.1993).

1    Here, defendants presents the declaration of Terri Nubla as to the search conducted. Ms. Nubla

2    is a Legal Instruments Examiner who specializes in processing FOIA requests for the Bureau of Prison

3    for the Western Region. Ms. Nubla personally processed plaintiff's FOIA request. (Doc. 19-3, Nubla

4    Decl. ¶2.) To process plaintiff's request, she contacted staff at the United States Penitentiary in Atwater,

5    California to search for records. She focused on Atwater because the search of plaintiff's cell occurred

6    while he was incarcerated in Atwater and thus, the records from any investigation would be located in

7    Atwater. (Doc. 19-3, Nubla Decl. ¶4.) One document was located from the search which was the Tyson

8    Memo. (Doc. 19-3, Nubla Decl. ¶4.) She then reviewed the Tyson memo and redacted portions of the

9    memo and the redacted version was provided to plaintiff on May 25, 2007.[1] (Doc. 19-3, Nubla Decl.

10   ¶5.)

11   The scope of the search, which files searched or the search procedure employed, is not mentioned

12   or stated in Ms. Nubla's declaration. She states:

13          4.    I focused the BOP's search on USP Atwater, as in my experience,
                 this was the most likely location of any responsive records. This
14               is because the cell search referenced in Plaintiff's request took
                 place at USP Atwater, and the records from any resulting
15               investigation into Plaintiff's planned escape would also be located
                 at USP Atwater. As a result of this search, one memorandum
16               (Tyson memo) was located, dated April 11, 2006, in which the
                 author, Senior Officer Specialist Tyson, indicated that he and
17               Officer Bringham had conducted the search of Plaintiff's cell at
                 approximately 10:15 a.m. No additional responsive documents
18               were located . . ." (Doc. 19- 3, Nubla Decl. ¶4) (emphasis added).

19   This declaration, however, does not state what files or records was searched. Affidavits that "do

20   not denote which files were searched, do not reflect any systematic approach to document location, and

21   do not provide information specific enough to enable [the requestor] to challenge the procedures

22   utilized" have been deemed insufficient. *Steinberg v. United States DOJ,* 23 F.3d 548, 552 (9th Cir.

23   1994); *Lane v. Department of Interior*, 523 F.3d 1128, 1139 (9th Cir. 2008) (government search adequate

24   where the government produced the affidavit of an FOIA agent, which explains the search procedures

25   she used, the staff members she contacted, the files and e-mails examined, the time spent on various

26   searches, and the 577 pages of documents sent to Lane in response to her request); *Citizens Com'n on*

27   ───────────────

28   [1] Plaintiff's complaint does not challenge the redaction of the document which was provided to him. (Doc. 1, Complaint, prayer.)

5

1   *Human Rights v. Food and Drug Admin.*, 45 F.3d 1325 (9th Cir. 1995) (search adequate where

2   declaration specifically outlined the FDA's efforts to locate documents that were responsive to CCHR's

3   request. In addition to searching its main office, the FDA forwarded CCHR's request to seven of its

4   divisional offices and spent over one hundred forty hours reviewing the active and retired Prozac files);

5   *National Resources Defense Council v. U.S. Dept. of Defense*, 388 F.Supp.2d 1086, 1102 (C.D.Cal.

6   2005) (summary judgment denied because search unreasonable for failure to contact department which

7   may hold documents); *Gerstein v. C.I.A.*, 2008 WL 4415080, 4 (N.D.Cal.2008) (declarations adequate

8   where search procedures in general and the search for documents responsive to the FOIA request were

9   detailed).

10          Ms. Nubla's declaration provides no detail as to the actual search - filed reviewed, locations

11   searched, or manner and procedure for selecting and searching files.  Affidavits describing the agency's

12   search procedures are sufficient "if they are reasonably detailed in their description of the files searched

13   and the search procedure."  *Zemansky*, 767 F.2d at 573.  The declaration does not state any description

14   of the files searched and the search procedure. This declaration is conclusory as to the general search

15   procedures employed and the actual search that was performed.  The declaration demonstrates the

16   Bureau of Prisons conducted a search, but it does not provide reasonable detail that the search was

17   "reasonably calculated to uncover all relevant documents."

18                                          **<u>CONCLUSION</u>**

19          For the sake of judicial and litigation efficiency, the Bureau of Prisons has ten (10) Court days

20   from the date of service of this order, to file a sufficiently detailed and supplemental declaration on the

21   search for documentation.  On the eleventh Court day, this matter will be deemed submitted and the

22   motion will be ruled upon.

23   IT IS SO ORDERED.

24   **Dated:    December 9, 2008**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

25

26

27

28