IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSIEL RODRIGUEZ, | CASE NO. CV F 08-0184 LJO GSA |
| Plaintiff, | **SECOND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| JANICE G. McLEOD, et. al, | |
| Defendants. / | |

This case arises under the Freedom of Information Act ("FOIA")(5 U.S.C. § 552). Plaintiff claims that the Bureau of Prisons is improperly withholding documents in response to a FOIA request regarding an April 11, 2006 search of his cell. At the time of the cell search, plaintiff was incarcerated at the United States Penitentiary at Atwater.

Pursuant to a notice filed on November 10, 2008, defendant United States Bureau of Prisons ("Bureau of Prisons") seeks an order granting summary judgment pursuant to Fed. Rule Civil Procedure 56. The Court infers from the footnote in defendant's Notice of Motion that the individually named defendants are parties to this motion. (Doc. 19, Notice of Motion, n.1.) Plaintiff Osiel Rodriguez filed an opposition on December 1, 2008. The Bureau of Prisons filed a reply on December 5, 2008. Pursuant to Local Rule 78-230(m), when one party is incarcerated and proceeding in *propria persona*, the matter is submitted on the pleadings without oral argument.

On December 9, 2008, this Court issued an interim order on defendant's motion and requested supplemental information from defendant. The Court ruled that the declaration submitted in support of

the motion as to the actual search conducted by the Bureau of Prisons was conclusory. The declaration did not state the general search procedures employed and the actual search that was performed. Rather than deny the motion, and have another motion filed, the Court ordered for the sake of judicial and litigation efficiency, that the Bureau of Prisons file a sufficiently detailed and supplemental declaration on the search for documentation.

On December 16, 2008, defendant filed the supplemental evidence. Having considered the moving, opposition, reply papers, and the supplemental evidence, as well as the Court's file, the Court issues the following order.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On February 19, 2007, plaintiff submitted a FOIA request to defendant regarding the search of his cell on April 11, 2006. In his FOIA request, plaintiff sought disclosure of the following records: (1) the identity of the staff who discovered the "escape paraphernalia-filled soap dish" that was referenced in Incident Report #1530527, as well as (2) "the exact/aprox [sic] time of said search, and the reason for it (i.e., if it was random or otherwise)." (Doc. 19-4, Dec. Terri Nubla, Exh. A.)

In response to the FOIA request, the United State Penitentiary in Atwater, California was contacted to conduct the search for documents. Glen Cobb, Special Investigative Services Lieutenant in Atwater, conducted the search. (Doc. 24, Cobb Decl. ¶¶1, 5.) He reviewed a case file log and an electronic case index to locate the appropriate case file in which documents would be filed. (Doc. 24, Cobb Decl. ¶¶2, 3.) Lieutenant Cobb located the appropriate case file and personally reviewed the file which corresponded to the date of the search of plaintiff's cell. From the case file review, Lieutenant Cobb determined a memorandum written by Senior Officer Specialist D. Tyson, was responsive to the FOIA request. (Doc. 24, Cobb. Decl. ¶7.) He forwarded the document to appropriate persons for production to plaintiff.

The Bureau of Prisons produced a single responsive document, a memorandum dated April 11, 2006 and written by Officer Tyson ("Tyson Memo") which indicated that he and Officer Bringham searched plaintiff's cell at approximately 10:15 a.m. Bureau of Prisons/FOIA personnel assigned to plaintiff's request noted that "no additional responsive documents were located, and in particular, no documents concerning a search of Plaintiff's cell which allegedly occurred at 8:00 a.m., were located."

(Doc. 19-4, Dec. Terri Nubla, ¶4.)

Plaintiff contends that other documents must exist. The dispute centers on the discrepancies in the Tyson Memo and a separate Incident Report #1530527, which was prepared several months after the cell search, on November 2, 2006. (See Doc. 1, Complaint, Exh. D "Incident Report".) According to the Incident Report #1530527, the search of plaintiff's cell occurred at 8:00 a.m. The Tyson Memo, however, states that the search occurred at 10:15 a.m. The Incident Report #1530527 states that paraphernalia related to plaintiff's planned escape was discovered in a "soap dish," while the Tyson Memo states that paraphernalia related to escape was found in a foot locker and soap dish. Plaintiff argues that due to the discrepancies in the time of the cell search and the locations of the search, there must have been more than one cell search for which more documents must exist.

## ANALYSIS AND DISCUSSION

**A.   FOIA Standards**

The Freedom of Information Act ("FOIA") provides "a statutory right of public access to documents and records held by federal government agencies." *Gould, Inc. v. General Services Admin.*, 688 F.Supp. 689, 693 (D.D.C. 1988). "FOIA vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139, 100 S.Ct. 960, 963 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). FOIA requires a records request to "reasonably" describe requested records and to comply with "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A).

When an agency receives an FOIA request, the agency is under a duty to conduct a "reasonable" search for responsive records using methods that can be reasonably expected to produce the information requested to the extent they exist. 5 U.S.C. § 552(a)(3)c; *Zemansky v. United States EPA*, 767 F.2d 569, 571 (9th Cir.1985). While there is no requirement that an agency search every record system, *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir.1990), or that a search be perfect, *Meeropol v. Meese*, 790 F.2d 942, 955-56 (D.C.Cir.1986), the search must be conducted in good faith using methods that are likely to produce the information requested if it exists. *See Campbell v. United States Department of Justice*, 164 F.3d 20, 27 (D.C.Cir.1998).

FOIA does not require an agency to create records that do not exist. *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984); *see Borom v. Crawford*, 651 F.2d 500 (7th Cir.1981). "FOIA does not require agencies to provide explanations or answers in response to questions disguised as FOIA requests or to create documents or opinions in response to an individual's request for information." *Sands v. U.S.*, 1995 WL 552308, *5 (citing *Hudgins v. Internal Revenue Service*, 620 F.Supp 19, 21 (D.D.C. 1985)). "FOIA creates a right of access to records, not a right to personal services." *Sands*, 1995 WL 552308, *5.

**B.     Summary Judgment in FOIA Cases**

As a general rule, all FOIA determinations should be resolved on summary judgment. *See Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir.1988). "Unlike the typical summary judgment analysis, in a FOIA case, we do not ask whether there is a genuine issue of material fact, because the facts are rarely in dispute." *Minier v. CIA*, 88 F.3d 798, 800 (9th Cir. 1996); *see also Fiduccia v. United States DOJ*, 185 F.3d 1035, 1040 (9th Cir.1999) ("Though this is review of a summary judgment, our review in a FOIA summary judgment case is not simply de novo, nor do we ask whether there is a genuine issue of fact in most cases. Instead, in a FOIA case, we first determine whether the district judge had an adequate factual basis for decision, and if not, remand.")

"Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits." *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1082 (9th Cir.2004) (detailed declarations for purposes of reviewing a claim of exemption). The court may award summary judgment solely on the basis of information provided by the agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981).

Defendant argues that it produced the only document it found from its search. Defendant argues that it (1) did a diligent and reasonable search for responsive documents, (2) produced all documentation in its possession responsive to the FOIA request, and (3) does not have to create documents that do not exist to respond to the FOIA request.

**C.     Reasonableness of the Search**

FOIA requires that the agency conduct a reasonable search for responsive documents using methods which can reasonably be expected to produce the information requested. See 5 U.S.C. § 552(a)(3)c. Typically, the responding agency submits affidavits describing the scope of the search and the methods employed. The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C.Cir.1994). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C.Cir.1999).

The issue to be resolved is "not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Zemansky*, 767 F.2d at 571 (emphasis in original). The "adequacy of the search, in turn, is judged by a standard of reasonableness and depends ... upon the facts of each case." *Id.* An agency may demonstrate the adequacy of its search with "reasonably detailed, nonconclusory affidavits submitted in good faith." *Zemansky,* 767 F.2d at 571. For purposes of summary judgment, affidavits describing the agency's search procedures are sufficient "if they are reasonably detailed in their description of the files searched and the search procedure, and if they are nonconclusory and not impugned by evidence of bad faith." *Id.* at 573. Once an agency meets its initial burden in this regard, its position can be rebutted "only by showing that the agency's search was not made in good faith." *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir.1993).

Here, defendant presents the declaration of Terri Nubla as to the search conducted. Ms. Nubla is a Legal Instruments Examiner who specializes in processing FOIA requests for the Bureau of Prison for the Western Region. Ms. Nubla personally processed plaintiff's FOIA request. (Doc. 19-3, Nubla Decl. ¶2.) To process plaintiff's request, she contacted staff at the United States Penitentiary in Atwater, California to search for records. She focused on Atwater because the search of plaintiff's cell occurred while he was incarcerated in Atwater and thus, the records from any investigation would be located in Atwater. (Doc. 19-3, Nubla Decl. ¶4.) One document was located from the search which was the Tyson Memo. (Doc. 19-3, Nubla Decl. ¶4.) She then reviewed the Tyson memo and redacted portions of the

memo and the redacted version was provided to plaintiff on May 25, 2007.[1]  (Doc. 19-3, Nubla Decl. ¶5.)

Defendant also provides the declaration of Lieutenant Glen Cobb who personally searched the files located in Atwater.  Lieutenant Cobb describes the manner in which files are maintained related to investigative efforts in Atwater. (Doc. 24, Cobb Decl. ¶2.)  He then describes how the files are cross-referenced and how information about a particular incident or inmate may be accessed.  (Doc. 24, Cobb Decl. ¶¶3-4.)  Lieutenant Cobb describes how he conducted the search for responsive documents.  He describes the manner in which he determined which files to access, the method he used to review the file, the organization and contents of the information in the file, and how he determined which information was responsive to the FOIA request.  ((Doc. 24, Cobb Decl. ¶¶5-8.)

This declaration states what files and records was searched.  Affidavits that "do not denote which files were searched, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [the requestor] to challenge the procedures utilized" have been deemed insufficient. *Steinberg v. United States DOJ,* 23 F.3d 548, 552 (9th Cir. 1994); *Lane v. Department of Interior*, 523 F.3d 1128, 1139 (9th Cir. 2008) (government search adequate where the government produced the affidavit of an FOIA agent, which explains the search procedures she used, the staff members she contacted, the files and e-mails examined, the time spent on various searches, and the 577 pages of documents sent to Lane in response to her request); *Citizens Com'n on Human Rights v. Food and Drug Admin.*, 45 F.3d 1325 (9th Cir. 1995) (search adequate where declaration specifically outlined the FDA's efforts to locate documents that were responsive to CCHR's request. In addition to searching its main office, the FDA forwarded CCHR's request to seven of its divisional offices and spent over one hundred forty hours reviewing the active and retired Prozac files); *National Resources Defense Council v. U.S. Dept. of Defense*, 388 F.Supp.2d 1086, 1102 (C.D.Cal. 2005) (summary judgment denied because search unreasonable for failure to contact department which may hold documents); *Gerstein v. C.I.A.*, 2008 WL 4415080, 4 (N.D.Cal.2008) (declarations adequate where search procedures in general and the search for documents responsive to the FOIA request were detailed).

---

[1] Plaintiff's complaint does not challenge the redaction of the document which was provided to him.  (Doc. 1, Complaint, prayer.)

Here, Lieutenant Cobb's declaration provides detail as to the actual search - filed reviewed, locations searched, and manner and procedure for selecting and searching files. Affidavits describing the agency's search procedures are sufficient "if they are reasonably detailed in their description of the files searched and the search procedure." *Zemansky*, 767 F.2d at 573.  This declaration is sufficient because it states the description of the files searched and the search procedure and provides reasonable detail that the search was "reasonably calculated to uncover all relevant documents."

## CONCLUSION

For the reasons stated, the motion for summary judgment is GRANTED in favor of the Defendants Bureau of Prisons, Janice G. McLeod, Rogert E. McFadden, and Harlan W. Penn and against plaintiff Osiel Rodriguez.

The clerk is directed to enter judgment accordingly and close this file.

IT IS SO ORDERED.

**Dated:   December 18, 2008**            **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE