# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSIEL RODRIGUEZ, | ) | 1:08cv00184 LJO GSA |
| | ) | |
| Plaintiff, | ) | INTERIM ORDER REGARDING PLAINTIFF'S MOTION REQUESTING ENFORCEMENT OF THIS COURT'S PREVIOUS ORDER REGARDING COLLECTION OF FEES |
| v. | ) | |
| JANICE G. MCLEOD, ROBERT E. MCFADDEN, and HARLAN W. PENN, | ) | (Document 29) |
| Defendants. | ) | |

Plaintiff Osiel Rodriguez ("Plaintiff") is a federal prisoner at the United States Penitentiary in Florence, Colorado. On February 1, 2008, Plaintiff filed a complaint in this Court, and shortly thereafter his application to proceed in forma pauperis was granted. (Docs. 1 & 5.) Plaintiff's sought clarification of the Court's order regarding the collection of fees from his inmate trust account, and the Court issued a second order on the issue. (Docs. 17 & 18.)

After answering Plaintiff's complaint, Defendants Janice G. McLeod, Robert E. McFadden and Harlan W. Penn filed a motion for summary judgment. (Docs. 14 & 19.) Plaintiff filed an opposition and Defendants filed a reply. (Docs. 20-22.) On December 9, 2008, District Judge Lawrence J. O'Neill issued an interim order on Defendants' motion for summary judgment, and ultimately granted the motion on December 18, 2008. Judgment was entered in favor of Defendants. (Docs. 23 & 25-26.)

On December 13, 2010, Plaintiff filed his "Motion Requesting the Court's Enforcement of its Order Directing Collection of Inmate Filing Fee" wherein he seeks assistance from this Court because, Plaintiff alleges, staff at the penitentiary are violating this Court's order[1] by collecting fees from his inmate trust account even when the balance of his account is less than ten dollars. (Doc. 29.)   Attached to Plaintiff's motion is a copy of an order from the United States District Court for the District of Colorado indicating his complaint against Warden R. Wiley and a Mr. Cooper, the supervisor or director of the penitentiary's financial management department, for violation this Court's orders and Title 28 of the United States Code section 1915(b)(2) was dismissed upon defendants' motion.  In its order, the district court in Colorado indicated that "the 'relief plaintiff seeks should be sought from the court that issued the order.'"  (*See* Ex. to Doc. 29.)

More particularly, Plaintiff's motion alleges as follows:

> Ever since the Court granted leave to proceed in forma pauperis in this case, the FCC Florence financial management department has continued to ignore the clear and simple instructions the Court has established concerning the collection of PRLA funds.  Any time that Plaintiff's inmate account has contained less than $10.00, funds have been collected toward PRLA fees.  This is an undisputed fact, which has been documented close to 50 (fifty) times.

(Doc. 29 at 3.)  Plaintiff however has not provided the Court with documentation that would support his assertion that the penitentiary is collecting funds when the balance of his inmate trust account is less than $10.00.  Therefore, Plaintiff will be provided with an opportunity to do so.

For Plaintiff's information, the Clerk of the Court's records indicate that a total of $145.94 has been collected toward the $350.00 filing fee thus far, leaving a remaining balance of $204.06.

---

[1] This Court's February 13, 2008, Order plainly provides that the warden or his designee "shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account . . . each time the amount in the account exceeds $10.00 . . . ." (Doc. 5 at 2, ¶ 1.)  On September 22, 2008, this Court issued an order regarding Plaintiff's motion seeking clarification of the aforementioned order, and stated: "payments shall be collected and forwarded to the Clerk of the Court when the amount in Plaintiff's account exceeds $10.00.  Payments shall not be collected when the amount in Plaintiff's account does not exceed $10.00." (Doc. 18 at 2.)

**ORDER**

In light of the foregoing, Plaintiff SHALL have thirty (30) days within which to provide the Court with documentation to support his assertion that fees are being collected from his inmate trust account at times when the total balance of the account is less than $10.00.

IT IS SO ORDERED.

Dated:    **December 22, 2010**                    **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE