# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSIEL RODRIGUEZ, | ) | 1:08cv00184 LJO GSA |
| | ) | |
| | ) | **ORDER REGARDING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION REQUESTING ENFORCEMENT** |
| | ) | **OF THIS COURT'S PREVIOUS ORDER** |
| v. | ) | **REGARDING COLLECTION OF FEES** |
| | ) | |
| JANICE G. MCLEOD, ROBERT E. MCFADDEN, and HARLAN W. PENN, | ) | (Document 33) |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PROCEDURAL HISTORY

Plaintiff Osiel Rodriguez ("Plaintiff") is a federal prisoner at the United States Penitentiary in Florence, Colorado. On February 1, 2008, Plaintiff filed a complaint in this Court, and shortly thereafter his application to proceed in form pauperis was granted. (Docs. 1 & 5.) Plaintiff's sought clarification of the Court's order regarding the collection of fees from his inmate trust account, and the Court issued a second order on the issue. (Docs. 17 & 18.)

On December 9, 2008, District Judge Lawrence J. O'Neill issued an interim order on Defendants' motion for summary judgment, and ultimately granted the motion on December 18, 2008. Judgment was entered in favor of Defendants and the case closed. (Docs. 23 & 25-26.)

On December 13, 2010, Plaintiff filed a "Motion Requesting the Court's Enforcement of its Order Directing Collection of Inmate Filing Fee." (Doc. 29.)

On December 22, 2010, this Court issued an Interim Order wherein Plaintiff was granted an opportunity to provide the Court with "documentation to support his assertion that fees are being collected from his inmate trust account at times when the total balance of the account is less than $10.00." (Doc. 30.)

On January 7, 2010, Plaintiff's response to the Court's order was received and filed. (Doc. 31.) On February 3, 2011, this Court issued an order denying Plaintiff's request for the reasons stated therein. (Doc. 32.)

On July 18, 2011, Plaintiff filed a "Motion Requesting Court's Enforcement of its PRLA Payment Agreements." (Doc. 33.)

## DISCUSSION

Plaintiff continues to complain that staff at the federal penitentiary in Florence, Colorado, are improperly deducting monies from his inmate trust account toward his financial obligation owed to this Court. (Doc. 33.) He has attached two exhibits in support of his assertion. Exhibit A at page one is a copy of an Inmate Transaction Receipt dated April 15, 2011, that reflects various balances in the account. Page two of the exhibit is a handwritten document entitled "Inmate Request to Staff Member" dated June 22, 2011. Exhibit B at page one is a copy of an Inmate Transaction Receipt dated June 22, 2011, also reflecting various account balances. Similar to the previous exhibit, page two of Exhibit B is a handwritten document entitled "Inmate Request to Staff Member," also dated June 22, 2011. (Doc. 33, Exs. A-B.)

More particularly, Plaintiff complains that while the "Ending Balance[s]" reflected on the Inmate Transaction Receipts indicate a balance over $109.00, of those sums more than $105 is encumbered and unavailable "until his release from incarceration in 2049." (Doc. 33, Ex. A at 1 & Ex. B at 1.) However, this Court's previous order did *not* preclude the consideration of any encumbered balance on Plaintiff's trust account. The earlier order stated, in pertinent part, as follows:

> The Bureau of Prisons, United States Penitentiary Florence ADX, is required to send to the Clerk of this Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
>
> In accordance with the above and good cause appearing, IT IS HEREBY ORDERED that:
>
> 1. The Warden of United States Penitentiary Florence ADX or his designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

(Doc. 5 at 1-2.)  The order does not discriminate between unencumbered and encumbered funds. (Doc. 18.)  Accordingly, the Court's previous orders does not prevent federal prison officials or staff from collecting payments from encumbered funds.

**ORDER**

For the foregoing reasons, Plaintiff's "Motion Requesting the Court's Enforcement of Its PLRA Payment Agreements" (Doc. 33) is DENIED.  Further, Plaintiff is instructed to not continue to burden this Court with repeated requests on this issue.

IT IS SO ORDERED.

Dated:  **July 22, 2011**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE